## In re SHERMAN.

(Supreme Court, Special Term, Niagara County. March, 1912.)

1. HIGHWAYS (§ 30*)—STATE HIGHWAY COMMISSION—LOCATION OF ROUTE—NOTICE.

The State Commission of Highways, in locating a route for a state road as authorized by Highway Law (Consol. Laws 1909, c. 25) § 120, has power to reach its determination without giving the moving party notice of hearing or an opportunity to be heard.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 69–70; Dec. Dig. § 30.*]

2. HIGHWAYS (§ 60*)—STATE HIGHWAY COMMISSION—SELECTION OF ROUTE—NATURE OF DUTIES.

The fact that the State Commission of Highways exercises judgment and discretion in the location of a highway route does not make such action judicial in its character.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 204–213; Dec. Dig. § 60.*]

3. CERTIORARI (§ 1*)—SCOPE OF WRIT—STATUTES.

Under Code Civ. Proc. § 2120, providing for the issuance of certiorari, the writ may issue only where authorized by express statutory provision, or where the right to the writ existed at common law, under which it was available only to review an act judicial in character or performed by inferior tribunals or officers exercising judicial powers, to correct errors of law materially affecting the rights of the parties.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. § 1; Dec. Dig. § 1.*]

4. HIGHWAYS (§ 60*)—ROUTE—LOCATION—REVIEW—CERTIORARI.

Certiorari does not lie to review the location of the route of a state road by the State Highway Commission.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 204–213; Dec. Dig. § 60.*]

Application of Stephen Sherman for writ of certiorari to review the determination of the State Commission of Highways in the location of route 30 through Niagara county, pursuant to Highway Law, § 120. Writ denied.

George F. Thompson, for the motion.

Franklin Kennedy, Deputy Atty. Gen., opposed.

POUND, J. It is claimed that the State Commission of Highways has located route 30, west from Medina, on a line that runs *north* and *then* westerly, when the act says "thence westerly," and that it has no power to do so. This is an application for a writ of cer-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiorari to review the legality of such action. The question is whether such determination can be reviewed by certiorari.

[1] The State Commission of Highways is an administrative board. In locating "route 30" it acted, not in a judicial nor quasi judicial capacity, but simply in an administrative capacity. It acted as a public agent in the exercise of delegated governmental powers, such as the Legislature itself might have exercised had it seen fit, and such as it has exercised in many instances in locating the state highways. See section 120 of the Highway Law. It had power to reach its determination without giving the moving party herein notice of hearing or an opportunity to be heard.

[2] The fact that it exercises judgment and discretion in the performance of its duties does not make its action judicial in its character. A judicial proceeding implies a hearing as a matter of right by the person affected thereby.

[3] The writ may issue only in cases where express provision is made therefor by statute, or where the right to the writ existed at common law. Code Civil Procedure, § 2120. No statutory provision exists authorizing the review of the determination of the commission herein questioned by writ of certiorari. A common-law writ is available only to review an act judicial in its character. It lies only to inferior tribunals or officers exercising judicial powers to correct errors of law materially affecting the rights of parties. People ex rel. R. & J. Co. v. Wiggins, 199 N. Y. 382, 92 N. E. 789. Thus it has been held that the determination of a board of health as to the existence of a nuisance is not reviewable by certiorari. People ex rel. Copcutt v. Board of Health, 140 N. Y. 1, 35 N. E. 320, 23 L. R. A. 481, 37 Am. St. Rep. 522. Also that the determination of a civil service commission in classifying positions in the public service, although involving the exercise of judgment and discretion, is not reviewable by certiorari. People ex rel. Schau v. McWilliams, 185 N. Y. 92, 77 N. E. 785. Also that the revocation of a permit to sell milk by the board of health of the city of New York, although alleged to be arbitrary and unreasonable, is not reviewable by certiorari. People ex rel. Lodes v. Dept. of Health, 116 App. Div. 890, 100 N. Y. Supp. 788, 102 N. Y. Supp. 1145; Id., 189 N. Y. 187, 82 N. E. 187, 13 L. R. A. (N. S.) 894.

[4] By the overwhelming weight of authority, certiorari is not the proper remedy to review the action of the State Commission of Highways in locating route 30. It therefore is unnecessary to decide whether a taxpayer, as such, is entitled to apply for the writ as a "person aggrieved by the determination to be reviewed." Code Civ. Proc. § 2127.

The objection that this motion should have been made in Albany county, under Code Civil Procedure, § 769, was waived by the Attorney General on the hearing.

The only question before me is whether the writ shall issue in order to bring the main question as to the power of the commission before the Appellate Division of the Supreme Court for the Third Department at Albany for its decision. To so hold would be to

open the doors of our courts to a mass of litigation to review administrative acts, which are, in their nature, necessarily final.

My conclusion being that the writ cannot so issue, the motion is denied.