In the Matter of FRANCIS J. NEDDO et al., Appellants, against HENRY SCHRADE, JR., et al., Constituting the City Council of the City of Saratoga Springs, Respondents.

MUSA Q. JACKSON, Intervener-Respondent.

(Argued January 9, 1936; decided March 3, 1936.)

*Walter A. Fullerton, James A. Leary, Francis J. Neddo* and *George O. Tuck* for appellants. The city council was without jurisdiction. (*City of Pawhuska* v. *Pawhuska Oil & Gas Co.*, 250 U. S. 394; *Hunter* v. *Pittsburgh*, 207 U. S. 161; *Matter of McAneny* v. *Board of Estimate*, 232 N. Y. 377; *City of Utica* v. *Hanna*, 202 App. Div. 610; *Geisler* v. *Mitchell*, 137 Misc. Rep. 462; *Matter of Barker* v. *Switzer*, 209 App. Div. 151; *Matter of Melita* v. *Nolan*, 126 Misc. Rep. 345; *City of Glens Falls* v. *Standard Oil Co.*, 127 Misc. Rep. 104; *City of Syracuse* v. *Snow*, 123 Misc. Rep. 568.) Appellants have a remedy by order of certiorari. (*DeSantis* v. *Luger*, 257 N. Y. 476; *Litchfield Const. Co.* v. *City of New York*, 244 N. Y. 251; *Ward* v. *Iroquois Gas Corp.*, 258 N. Y. 124; *Axelrad* v. *77 Park Ave. Corp.*, 225 App. Div. 557; *Rung* v. *Graf & Johnson, Inc.*, 235 App. Div. 759; *Dudar* v. *Milef Realty Corp.*, 258 N. Y. 415; *Hynes* v. *N. Y. C. R. R. Co.*, 231 N. Y. 229; *Matter of Meyer*, 209 N. Y. 386; *Gwynne* v. *Board of Education*, 259 N. Y. 191; *Matter of Leone* v. *Brewer*, 259 N. Y. 386; *Walsh* v. *N. Y. C. & H. R. R. R. Co.*, 204 N. Y. 58; *Martin* v. *Herzog*, 228 N. Y. 164; *People ex rel. Stewart* v. *Railroad Comrs.*, 160 N. Y. 202; *Matter of Syracuse, B. & N. Y. R. R. Co.* v. *Van Amburgh*, 223 App. Div. 485; 251 N. Y. 548; *Matter of Levy* v. *Board of Standards & Appeals*, 267 N. Y. 347; *Pittsburgh Westmoreland Coal Co.* v. *Kerr*, 220 N. Y. 137; *Central Trust Co.* v. *Pittsburgh, S. & N. R. R. Co.*, 229 N. Y. 68; *Matter of Barkley*, 42 App. Div. 597; *Matter of Bar Association of City of New York*, 222 App. Div. 580; *Kujek* v. *Goldman*, 150 N. Y. 176.)

*Ellis J. Staley, David W. Burke, William E. Bennett, Richard J. Sherman* and *George N. Ostrander* for respondents. The action of the city council in adopting the ordinance changing the intervener-respondent's property from one zone to another was purely legislative in character and not subject to review by common law certiorari order. (*Village of Jamaica* v. *Board of Supervisors*, 131 N. Y. 468; *Matter of Long Island R. R. Co.* v. *Hylan*, 240 N. Y. 199; *People ex rel. Copcutt* v. *Board of Health*, 140 N. Y. 1; *People ex rel. Desidero* v. *Conolly*, 238 N. Y. 326; *People ex rel. Lodes* v. *Dept. of Health*, 189 N. Y. 187; *People ex rel. Hayes* v. *Waldo*, 212 N. Y. 156; *People ex rel. O'Connor* v. *Supervisors*, 14 App. Div. 608; 153 N. Y. 370; *Matter of Santa Clara Lumber Co.* v. *Commissioners of Land Office*, 209 App. Div. 705; *People ex rel. Corwin* v. *Walter*, 68 N. Y. 403; *Matter of Standard Bitulithic Co.*, 212 N. Y. 179; *Matter of Carp*, 179 App. Div. 387; 221 N. Y. 643.)

FINCH, J. This is an appeal from an order of the Appellate Division unanimously confirming the action of the City Council of the city of Saratoga Springs in granting the petition of the intervener respondent to transfer property belonging to her from a partially restricted zone to one unrestricted so that a gasoline service station might be installed.

The intervener respondent formerly occupied a large dwelling in a residential district. In the course of time this district changed from residential to commercial, consisting primarily of boarding houses and hotels, leaving this residence the last to succumb. Across the street and directly opposite, one of the objectors is said to be operating a public auction sales and antique business in defiance of the zoning ordinance. Four gasoline stations exist within half a mile, one on the same block as the property of the intervener. The petitioners on the other hand urge that since the building development in this district consists largely of hotels and residences remodeled

into boarding houses, the noise and odors arising from the operation of the gasoline filling station would be a source of great annoyance to the persons residing in or occupying these buildings. The accuracy of the picture thus presented, however, is of little importance since the decision turns upon another point.

Upon the presentation of the petition by the intervener respondent the City Council duly resolved to receive, file and refer it for advertising in a newspaper published in the city of Saratoga Springs, thereby setting a time and place for a public hearing.

Following several hearings and the submission of protests of nearby property owners, the petition was granted at a meeting of the City Council at which all members were present, and all but one of them voted in the affirmative.

Following the rezoning the petitioners apparently sought a statutory writ of certiorari provided for in section 82 of the General City Law (Cons. Laws, ch. 21) to review a decision of a Board of Appeals. No Board of Appeals having been established in the city of Saratoga Springs this writ was dismissed by stipulation of counsel and the present common law writ substituted.

Proceedings following the granting of the application of the certiorari order led to a decision by the Appellate Division confirming the action of the City Council as " section 83 of the General City Law empowered the Council to make the change if reasonable grounds therefor were shown." (245 App. Div. 794.) The Appellate Division thus affirmed impliedly upon the ground that the action of the Council was neither unreasonable nor arbitrary.

Under the General City Law the Legislature has duly granted, to the cities of which the city of Saratoga Springs is one, certain specific powers, among which is that " To regulate and restrict the location of trades and industries and the location of buildings, designed for specified uses, and for said purposes to divide the city into districts and

to prescribe for each such district the trades and industries that shall be excluded or subjected to special regulation and the uses for which buildings may not be erected or altered. * * *'' (General City Law, § 20, subd. 25.)

Pursuant to the foregoing grant of power it is conceded that the function of the City Council in enacting the zoning ordinance was that of a legislative body. The ordinance is set forth in full in the record and shows numerous exceptions of small pieces of property lying in the zone, one so small as to consist of a portion of a lot. Both this ordinance and the General City Law expressly provide for power remaining in the City Council to amend, alter and change the district lines. Whether this power may be exercised by the Council upon its own motion or must be by the petition of a certain number of property owners is not so clear in the ordinance. (Ordinance, § 6.) But a reading of section 83 of the General City Law shows without doubt that the Council may upon its own motion exercise this power of amendment, alteration and change in zoning lines. '' The [city] common council may from time to time on its own motion * * * amend, supplement or change the regulations and districts established under any ordinance adopted pursuant to paragraphs twenty-four and twenty-five of section twenty of this chapter. * * *''

If a Board of Appeals had been set up by the Mayor and a variation obtained upon application to such Board the action of the Board would have been reviewable by a writ of certiorari provided for in the statute. The plaintiffs, therefore, argue that when the City Council acts for the purpose of amending, altering or changing the lines of the zones it must exercise the same function as would a Board of Appeals and the statute providing for certiorari to review the action of the Board of Appeals must be likewise applicable to the Council. No such result follows. It is true that the Mayor could have set up a Board of Appeals in accordance with the General City Law (§ 81). This Board would have had certain

limited powers and its action would have been reviewable in the courts by a writ of certiorari as expressly provided in the General City Law (§ 82). The setting up of a Board of Appeals and the exercise by it of its limited statutory authority, however, does not detract from the legislative power remaining in the City Council to amend, alter or change the lines of the zones. When application is made to this latter power we find an instance where the City Council grants relief through legislative power reserved to it, even though a Board of Appeals may be functioning with concurrent power pursuant to a grant to the Board of statutory power. If a Board of Appeals is set up and application made to it for a variation such Board " * * * shall fix a reasonable time for the hearing of the appeal and give due notice thereof to the parties, and decide the same within reasonable time. * * * Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of any such ordinance, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the regulations or provisions of such ordinance relating to the use, construction, structural changes in, equipment or alteration of buildings or structures, or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done." (§ 81, subd. 4.)

In the case at bar no Board of Appeals was available and the intervener respondent, therefore, applied to the City Council. Hearings were had as upon any other legislative measure. Following this the City Council voted an amendment of the zoning ordinance. Thus there was not a judgment upon the weight of the evidence but the enactment of a legislative measure.

A common law writ of certiorari may not be availed of to review a legislative function. (*People ex rel. Trustees Vil. of Jamaica v. Board of Supervisors*, 131 N. Y. 468; *Matter of Long Island R. R. Co. v. Hylan*, 240 N. Y. 199.) The common law writ of certiorari may only be availed

of to review the judicial or *quasi*-judicial actions of inferior courts or public officers or bodies. (*People ex rel. Trustees Vil. of Jamaica* v. *Board of Supervisors, supra.*) The fact, however, that a public officer or body exercises judgment and discretion in the performance of his duties does not make his acts judicial. (*People ex rel. Second Avenue R. R. Co.* v. *Board of Commissioners*, 97 N. Y. 37.)

The action of the City Council in enacting the ordinance changing the property of the intervener respondent from one zone to another was purely legislative in character and not subject to review by common law certiorari. Proper procedure requires a modification of the order of the Appellate Division. Instead of confirming the action of the City Council the Appellate Division should have reversed the order of the Special Term granting the application for a certiorari order, and dismissed the proceeding.

The order should be modified in accordance with this opinion and as so modified affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.