In the Matter of the Application of CHARLES A. E. FISENNE, Petitioner, for a Certiorari Order against THE BAY RIDGE DISTRICT LOCAL BOARD and RAYMOND V. INGERSOLL, as President of the Borough of Brooklyn, Respondents.

Second Department, March 30, 1937.

*John T. Fisenne,* for the petitioner.

*Alfred D. Jahr* [*Paul Windels, Corporation Counsel,* with him on the brief], for the respondents.

JOHNSTON, J. This is a proceeding to review the determination of The Bay Ridge District Local Board requiring the construction of a fence around petitioner's vacant lot in the borough of Brooklyn. The principal question presented is whether the action of the local board in adopting the resolution directing the fencing of petitioner's property was a judicial act, as petitioner contends, or a legislative act, as respondents claim.

It is well settled that certiorari will not lie to review a legislative function. It may be availed of only to review the judicial or quasi-judicial actions of inferior courts or public officers or bodies. The fact that a public officer or body exercises judgment and discretion in the performance of his or its duties does not make the acts judicial. (*Matter of Neddo* v. *Schrade,* 270 N. Y. 97, 102; *Matter of Long Island R. R. Co.* v. *Hylan,* 240 id. 199; *People ex rel. Trustees* v. *Bd. Suprs.,* 131 id. 468.)

In our opinion, the determination of the local board was a legislative act. The Legislature has divided the city of New York into twenty-four districts of local improvements, in each of which there is to be a board of local improvements to be known as the " local board." Each local board consists of the borough president and

each member of the board of aldermen who represents an aldermanic district within such local improvement district. The board has power over certain prescribed matters within its district. Its action must be by resolution, subject to the procedure governing resolutions passed by the board of aldermen, but no resolution is to be effective until approved by the borough president. By section 435 of the Greater New York Charter the local board, subject to certain limitations not here material, is expressly authorized to cause the fencing of vacant lots by resolution.

In view of the express power granted to the local board by the Legislature (and the right of the Legislature to delegate such power is not questioned), we believe the adoption of the resolution to fence petitioner's lot was a legislative act just as if it had been passed by the Legislature itself, and, therefore, the action of the board is not reviewable by certiorari. (*People ex rel. Trustees* v. *Bd. Suprs., supra.*)

The fact that petitioner was given an informal hearing did not make the act of the local board judicial. The statute pursuant to which the local board acted did not give to petitioner the right to a hearing before the adoption of the resolution. The hearing held was, in effect, the same as any hearing upon any other legislative proposal, and the adoption of the resolution by the local board was not a judgment on the weight of the evidence but a legislative enactment pursuant to the express power granted to it by the Legislature.

Petitioner's grievance seems to be that the local board, in addition to directing the fencing of his lot, also directed that the cost of the work be assessed against his property. The resolution adopted provides that the entire cost of the fence, including the preliminary expenses for the preparation of the necessary plans and specifications, shall be assessed " upon the property deemed to be benefited by the said Local Improvement." Assuming that the effect of the resolution is as petitioner claims, to wit, a determination to assess petitioner's property for the cost of the work, and assuming further that such assessment may be unwarranted and erroneous, it does not follow petitioner may review the action of the local board by certiorari. The assessment was part of the local board's legislative act. If the board's action be within the powers delegated to it by the Legislature, the courts may not review the exercise of its discretion, while, if the board exceeded its powers, its action is void, just as the action by the Legislature itself beyond its powers would be void, and may be attacked if and when an attempt is made to enforce any claim founded upon such action. (*Matter of Long Island R. R. Co.* v. *Hylan, supra.*)

The determination should be confirmed and the certiorari proceedings dismissed, with fifty dollars costs and disbursements.

Present — LAZANSKY, P. J., JOHNSTON, ADEL, TAYLOR and CLOSE, JJ.

Determination of district local board unanimously confirmed and certiorari proceeding dismissed, with fifty dollars costs and disbursements.