In the Matter of EMIL LEICHTER, Petitioner, against DOUGLAS L. BARRETT et al., Constituting the Town Board of the Town of Bedford, Respondents.

Supreme Court, Special Term, Westchester County, July 18, 1955.

*John C. Marbach* for petitioner.

*Lawrence S. Hazzard* for respondents.

EAGER, J. This is an article 78 proceeding to secure an order directing the town board of the town of Bedford, this county, to issue a permit to petitioner for removal of fill, subsoil and gravel from certain premises owned by him and situated in said town. The respondents (members of the town board), move to dismiss the petition upon the following grounds:

" (1) that it does not state facts sufficient to entitle the petitioner to relief sought;

" (2) that this Court is without jurisdiction to entertain, consider or decide the subject matter of the petition;

" (3) that by the terms of the petition itself, the act of the Town Board under the Zoning Ordinance is legislative in nature and not a determination of the acts of a body exercising a judicial, quasi judicial, administrative or corporate function subject to review under Article 78 of the Civil Practice Act."

It appears by the petition that, on November 12, 1954, the petitioner made application to the town board for a permit to excavate upon his premises, to transfer and relocate on his premises all topsoil removed, to transfer to low spots on his premises a comparative small quantity of the excavated subsoil, and to remove from the premises and dispose of a large quantity of fill and subsoil. This was to be done, according to the petitioner, in connection with the proposed grading and improving of his premises for the purpose of a residential development. The application was made pursuant to section 16 of the Zoning Ordinance of the town, which reads as follows: " New Section 16 — Adopted — November 14th, 1950. Sand Pits, Quarries, Top Soil and other Excavations. A. No excavation in any district; except Light Industrial Districts; for sand pits, quarries, top soil and for purposes other than the construction of a driveway, walk, a permitted wall or building, or part thereof or accessory thereto, or to remove top soil from one part of the lands of an owner to another part of the same premises when such removal is necessary as an accessory use or is for the purpose of farming or improving said property, shall be made

unless approved by the Town Board after the filing of a petition and a public hearing.''

According to the petition, the town board referred the application for the permit to the planning board of the town, the latter board reported its opinion that the removal of soil as contemplated by the petitioner would constitute a commercial operation in a residential area, and the town board adopted the opinion of the planning board and denied the application.

The petition makes the contention that the denial by the town board of the petitioner's application for a permit was arbitrary, capricious and erroneous, and the prayer for relief is that '' this court review the aforesaid decision of the respondents as the Town Board of the Town of Bedford and annul the same, and direct that the permit sought * * * be issued without delay ''.

A reading of the petition, however, leaves one in doubt whether the proceeding is one in the nature of a proceeding to review the action of the town board, or whether it is one to secure an order in the nature of a mandamus order directing the town board to issue a permit claimed by the petitioner as a matter of right. In any event, it is clear that the petition is insufficient on the face thereof to entitle the petitioner to any relief. In the first place, it is clear that an article 78 proceeding will not lie either to review legislative action or to compel a legislative body to act in a particular manner. The decisions are consistently to the effect that a proceeding in the nature of a certiorari proceeding does not lie to review the action of a legislative body. (See *Matter of Neddo* v. *Schrade,* 270 N. Y. 97; *Matter of Buckley* v. *Fasbender,* 275 App. Div. 853; *Matter of Village of Hewlett Harbor* v. *Nassau Co.,* 272 App. Div. 1065; *Matter of Fisenne* v. *Bay Ridge Dist. Local Bd.,* 250 App. Div. 460; *Matter of Long Island R. R. Co.* v. *Hylan,* 240 N. Y. 199, and *People ex rel. Trustees of Vill. of Jamaica* v. *Board of Supervisors,* 131 N. Y. 468.) And also, it is settled that mandamus will not lie to compel a legislative body to take legislative action in a particular way. Legislative discretion may not be interfered with by the courts. (See 55 C. J. S., Mandamus, § 130, and *Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330.)

On the other hand, it is also clear that, where a legislative body arbitrarily refuses to perform an act purely administrative in nature and which should as a matter of law be performed by it, the court may compel it to do its duty (see *Matter of*

*Larkin Co.* v. *Schwab, supra*) ; and the court has not overlooked the claim of the petitioner that the town board here acted as an administrative and not a legislative body in refusing the permit sought. But this court is constrained to follow the recent decisions of fellow Justices in this department which have the effect of classifying the refusal of the town board here to grant the permit in question as a legislative act not subject to attack in an article 78 proceeding. (See *Parkplain Realty Corp.* v. *Town Board of Hempstead,* 137 N. Y. S. 2d 474, CHRIST, J.; *Birchwood Knolls, Inc.,* v. *Hunter,* N. Y. L. J., April 7, 1955, p. 11, col. 1, RITCHIE, J.; *Matter of Lerner* [*Young*], N. Y. L. J., June 30, 1955, p. 9, col. 5, CONROY, J.) I deem it established that the granting or withholding by a local legislative body of a special exception permit is a legislative act where the action was taken under the provisions of a zoning ordinance prohibiting in the interests of public welfare a certain use of property unless the local body grants a permit therefor.

Finally, and even if we assume that the refusal of the town board was an administrative act, it is nevertheless clear that the court would be required to dismiss the petition for failure to set forth facts or to be accompanied by proofs establishing the action of the board to be contrary to law or to be arbitrary or unreasonable. Assuming the factual allegations of the petition to be true, as we must on a motion attacking it for insufficiency, it does not appear that the petitioner has a case on any theory. Of course, his alleged conclusions that the town board " acted under Section 16  *  *  *  as an administrative and not as a legislative body " and that its action was arbitrary, capricious, erroneous, a violation and an abuse of discretion, without valid reason, without reasonable relation to public health, safety or general welfare, confiscatory, etc., are of no value to support the petition. Stripped of mere conclusory allegations, all we have is a showing that the petitioner *claimed* that his proposed operations were to be done in connection with the development of his property for residential use (a lawful use in the zoning district in which the property is located), but it further appears that he proposes to remove from the property and dispose of over 200,000 cubic yards of subsoil with use of bulldozer, power shovel and trucks. This appears on the face of it to be a very substantial commercial operation, and there is no factual showing to overcome the conclusion of the town board that the proposed work of the petitioner did constitute such an operation in a residential district and should not be approved. Furthermore, we should bear in mind that there is a presump-

tion that the action of the town board was regular and proper in all respects. The petitioner having utterly failed to present facts to overcome this presumption, the petition is in any event to be dismissed.

No costs. Submit order on notice.