Samuel W. Eager, J.
This is an article 78 proceeding brought against the Mayor and Trustees of a village seeking a review of their proceedings in connection with an application to tbo Board *489 of Trustees for a change in the local zoning ordinance. The respondents move to dismiss this article 78 proceeding upon the ground that the petition herein is insufficient on its face to entitle the petitioner to any relief. It appears that what the petitioner sought in the matter of his application to the Board of Trustees was an amendment of the village ordinance to change the zoning classification of his property. What the petitioner sought was action by the Board of Trustees in the nature of a legislative act. It is settled that, except as specifically provided by statute, an article 78 proceeding will not lie to compel a legislative body to act in a particular manner with respect to proposed legislation or to review the proceedings of a legislative body in connection with proposed legislation. (Matter of Larkin Co. v. Schwab, 242 N. Y. 330; Matter of Weers v. Whiton, 3 A D 2d 924.) Nor is the proceeding maintainable as one to secure an order in the nature of a mandamus order to compel the Village Board to hold a public hearing in connection with the petitioner’s application to the board for the change in the ordinance. Where the board determines to take no action with respect to such an application, I do not read the Village Law or local ordinance as requiring the holding by it of a public hearing.
Clearly, also, there is no basis for the request by the petitioner that this proceeding be transferred to the Appellate Division for determination. The decision of Matter of O’Brien (N. Y. L. J., Oct. 14, 1957, p. 14, col. 4) cited by petitioner is not in point.
Motion granted and proceeding dismissed, without costs.
Settle order on notice.