Samuel W. Eager, J.
This is an article 78 proceeding brought against the Mayor and Board of Trustees of the Village of Pelham Manor. Presently before the court is a motion to dismiss the petition herein for insufficiency to state a case entitling the petitioner to any relief. Specifically, it is contended by the respondents that the proceeding is not maintainable in that it affirmatively appears that the acts of respondents sought to be reviewed or actions on their part sought to be compelled are purely legislative in nature.
In determining this motion, the facts alleged in the petition are deemed to be true. It appears therefrom that the petitioner “ is a religious corporation ’ ’ and is the owner of certain real property “ situated in a district designated by the Zoning Ordinance of the Village of Pelham Manor as part of its Residence ‘A’ District ”; that the terms of the zoning ordinance of the village prohibit the use of real property in such a district for church or religious purposes; that the petitioner, being desirous of using its property as a synagogue for public worship did, on or about June 10, 1957, petition the Board of Trustees “ to repeal those amendments ” to the ordinance claimed to have the effect of prohibiting such use of petitioner’s property, and “ for a change of use be granted to ” it so as to allow it to use the property for religious activities; that the Board of Trustees “ denied said petition and the petitioner claims that “ such determination is contrary to law ” laid down by the decisions of the Court of Appeals in the Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton (1 N Y 2d 508) and Matter of Community Synagogue v. Bates (1 N Y 2d 445). Furthermore, petitioner alleges that, in view of such decisions, the zoning ordinance “ is unconstitutional in that it deprives petitioner of its property and the use thereof for religious activities without due process of law”.
It does appear, however, that, under the circumstances here, this proceeding is not properly maintainable against the respondents to test the validity of the provisions of the ordinance insofar as they affect the petitioner’s property and that the motion of the respondents to dismiss the petition must be granted. Generally speaking, an article 78 proceeding is not maintainable against a legislative body to test the validity of its legislative acts. Clearly, such a proceeding does not lie to review action which is legislative in nature or to compel a legislative body to enact particular legislation. (Matter of Neddo v. Schrade, 270 N. Y. 97; Matter of Weers v. Whiton, 3 A D 2d 924.) Therefore, this particular proceeding is not maintainable to review the determination of the respondent *566 Board of Trustees insofar as such determination constituted a denial of the petition of the petitioner to the board to amend or change the provisions of the ordinance so as to allow the use of the petitioner’s property for religious purposes.
This proceeding also does not lie to compel the Board of Trustees to issue a building permit to the petitioner. By the terms of the local ordinance, the issuance of such a permit and a certificate of occupancy is to be obtained from the building inspector and not from the Board of Trustees. Nor does the proceeding lie to procure a so-called special exception or a special use permit. It is true that where a legislative body is given authority by special ordinance provision to grant a special exception or special use permit, its determination upon an application therefor is held to involve an exercise of judgment or discretion and is reviewable in a proceeding under article 78. (Matter of Frantellizzi v. Herman, 1 A D 2d 980.) But there is no provision in the particular local ordinance authorizing the respondent board to grant to petitioner a special exception or special use permit with respect to property situate in a Residence “ A ” District. The board had no power to act in the premises except legislatively, namely, by amending the ordinance, and its failure to so act may not be made the basis of an article 78 proceeding. The court is without power to control or direct village trustees in their actions as legislators. (Matter of Spano v. Close, 266 App. Div. 1023; see, also, Matter of Larkin Co. v. Schwab, 242 N. Y. 330.)
If there is an unlawful restriction as to the use of petitioner’s property, it would seem that its remedy is by way of an action for declaratory judgment; or perhaps, it may apply to the building inspector for a permit, and test the validity of the ordinance provisions restricting the use of its property in an article 78 proceeding brought against proper parties in the event of a final refusal to issue a permit. (See Matter of Smith v. Hartman, 208 Misc. 880, 886.)
Petition dismissed. No costs. Settle order on notice.