Frank Del Vecchio, J.
The County of Onondaga brings this article 78 proceeding to vacate a portion of an order dated September 5, 1962 made by the State Department of Public Works on the ground that it was arbitrary, capricious and illegal.
The respondent makes a motion to dismiss the proceeding on the ground that the petitioner fails to state facts sufficient to entitle it to the relief sought.
The undisputed facts giving rise to this proceeding are as follows: Prior to September 5, 1962 the State Department of Public Works undertook the reconstruction of State Highway 671. In the vicinity of the intersection of said State highway and County Highway 157 (Hayes Road) the grade of the reconstructed State highway was changed and elevated to approximately 14 feet above the old roadway to provide connection to a newly constructed bridge over the Seneca River. Before the grade was changed, certain private property located at the intersection had access to both the State and the county highways. After the change, it was no longer physically possible to travel from this property to the State highway and if Hayes Road had been allowed to remain at its original grade it would have been a dead end at the reconstructed State highway. To correct this condition, the Superintendent of Public Works, in accordance with the provisions of subdivision 25 of section 10 of the Highway Law, relocated and changed the grade of County Highway 157 so as to provide continuity of traffic between the two roads. In order to provide continued access from the private property to a public road, the State appropriated certain property approximately 150 feet from the State highway and constructed thereon an access ramp about 60-feet wide, extending 193 feet from the private property to the county highway (Hayes Road), as shown on a map of the relocation.
*386 The county was advised on December 5, 1961 that in relocating Hayes Road it would be necessary to construct the access ramp and in June, 1962 the New York State Department of Public Works offered to present a deed from the State to the County of Onondaga conveying the property acquired in connection with the reconstruction of Hayes Road, which deed was refused by action of the Onondaga County Board of Supervisors.
Thereafter, on September 5, 1962, respondent issued Official Order 708 directing the county to maintain Hayes Road as relocated, including the 193-foot access ramp, it being determined by the Superintendent of Public Works that the road (including the access ramp) was not a part of the State highway system but was part of the county road system. It is the above order insofar as it directs the county to maintain the 193-foot ramp — which petitioner seeks to have vacated, contending that the access ramp constitutes a driveway for the adjoining property owner and is not and never has been a part of the county highway system but is a piece of private property acquired by the State in order to carry out its relocation of State Highway 671; that subdivision 25 of section 10 of the Highway Law was never intended to eompel a municipality to accept a right of way on private property so as to compel the municipality to maintain it; that petitioner was never asked to join in the action taken by the State nor did it acquiesce in it; that prior to the issuance of the order petitioner refused to accept a deed from the State conveying the property used in creating the access ramp. For these reasons, petitioner claims that it was illegal and improper to include the 193-foot ramp in the order and that this part of the order should be set aside.
Turning first to the claim that the action of respondent was invalid because the county did not consent thereto: Petitioner admits it was advised that it would be necessary to construct an access ramp in relocating Hayes Road but has cited no authority which requires its participation in or consent to action by the Superintendent of Public Works in altering and relocating intersecting highways under subdivision 25 of section 10 of the Highway Law to provide continuity of traffic with a State highway. Nor has it shown itself entitled to join with the Superintendent in determining whether a highway is part of the State highway system. The Legislature has expressly conferred these powers on the Superintendent of Public Works, without any requirement of hearing or notice to the municipality involved. In these circumstances no hearing was necessary. (Matter of Sherman, 76 Misc. 45.)
*387 Respondent argues that, in taking the action complained of, he was exercising a legislative function not subject to review in a proceeding of this type brought pursuant to article 78 of the Civil Practice Act. This rests upon the assumption that the Superintendent was exercising authority given to him by subdivision 25 of section 10 of the Highway Law. Petitioner, on the other hand, denies that respondent was acting under the authority of the above section and claims that respondent, by Oficial Order 708, is compelling petitioner to accept a right of way on private property, beyond the power conferred upon him by subdivision 25 of section 10. Although the order to show cause by which this proceeding was commenced refers also to respondent’s action as being arbitrary and capricious, no reference to this claim is contained in the petition and it is apparent that petitioner’s claim is predicated upon the alleged illegality of respondent’s conduct as exceeding the power conferred on him by statute. This is the gist of the proceeding — was respondent acting within the power granted to him, to alter and relocate county highways and to turn over to the county those portions of relocated highways which are determined not to be part of the State highway system, when he constructed the 193-foot access ramp and transferred responsibility for its maintenance to the County of Onondaga as a part of relocated County Highway 157 ?
At the outset it might be well to observe that respondent did not — as petitioner seems to state — attempt to compel the municipality to maintain a right of way on private property. It may well be that, under other provisions of the Highway Law, the access ramp might have been built on the adjoining landowner’s property, at the latter’s request, thereby relieving the State or the county of any responsibility for care or maintenance. (See Highway Law, §§ 54-a, 118, subd. 6.) However, no attempt was made either by the State or by the county (which had been advised of the need for constructing an access ramp from the adjoining property) to proceed under these sections, by which only a private driveway would have been created. Instead, the State actually acquired title to the property necessary for the construction of the ramp which was then built, not on private property, but on State land.
It cannot be denied — as elsewhere asserted by petitioner — that the land on which the ramp in question was created was private property before its acquisition by the State. This fact does not however, in the opinion of this court, preclude a finding that respondent was nevertheless proceeding under subdivision *388 25 of section 10 of the Highway Law in erecting the access ramp and was thereby altering and relocating the previously existing county highway. The words “ alter ” and “relocate” imply change of some nature. In connection with work on State Highway 671 respondent saw fit to modify both the location and the elevation of County Highway 157. Petitioner does not question the propriety of that determination insofar as it involved substantially the same roadbed as theretofore existing. In the view of this court, the creation of an approach to the newly elevated highway — which was an absolute necessity to the continuance of access as it had previously existed — was an integral part of the alteration and relocation of Hayes Road. The fact that this required the acquisition of private property did not take it outside the statute, which obviously contemplated the possibility of including “new” land in highways affected thereby since it specifically authorizes the Superintendent of Public Works “ to acquire such property as may be necessary for the purposes of this subdivision”. (Highway Law, § 10, subd. 25.) Nor is the fact that only a limited number of property owners will make regular use of the access ramp significant. It is a part of a public highway and is available for use by anyone who has occasion to travel that way. Many county and rural roads serve relatively few property owners; this does not change their characteristic nor make them any less a public road.
If Hayes Road had been relocated without an access ramp, the adjacent private property would have been deprived of access to the general highway system. If it had not been relocated, this property would have had continued access to it and it would have remained as a public way providing entrance and exit at one end but it would have terminated in a dead end at the reconstructed, elevated State highway, thereby creating a cul-de-sac. It was solely as a result of the determination to relocate County Highway 157 and continue its junction with State Highway 671 — thereby avoiding a more circuitous or less convenient access to other roads — that the approach ramp in question had to be constructed. In the circumstances here presented, it was sound logic to consider the access ramp as a part of relocated 'County Highway 157.
The numerous authorities cited by petitioner are not applicable to the facts before the court and no authorities have been cited by either side which have decided the precise question posed by this proceeding. Apparently the problem is one of first impression in the courts of this State.
Having concluded that respondent was acting within the power vested in him by subdivision 25 of section 10 of the Highway *389 Law in constructing the ramp and determining that it was a part of the county highway, the court is satisfied that a review of his action — which was a legislative function — is not available in this proceeding. In Matter of Sherman (76 Misc. 45, 47, supra) Justice Pound, later Chief Judge of the Court of Appeals, held that the decision of the State Highway Commission, predecessor to the Superintendent of Public Works, was not reviewable, stating: ‘1 By the overwhelming weight of authority, certiorari is not the proper remedy to review the action of the state commission of highways in relocating route thirty.” That legislative acts, even though involving the exercise of judgment, are not reviewable by article 78 proceedings is well settled. (Matter of Neddo v. Schrade, 270 N. Y. 97; Matter of Schulman v. McMorran, 9 A D 2d 1007.) In People ex rel. Trustees of Vil. of Jamaica v. Board of Supervisors of Queens County (131 N. Y. 468, 472) the court said: “ This act of the supervisors of Queens county was purely a legislative act * * * If this action by the supervisors can be reviewed by certiorari, then every act and resolution of the board of supervisors, every ordinance of a city board of aldermen, every ordinance and resolution of a village board of trustees, and generally all the acts of public officers involving the exercise of some discretion, could be reviewed in the same way; and thus there would be a wide departure from the practice and procedure which have always prevailed in this state, and much embarrassment might attend the discharge of legislative, executive and administrative functions by public officers, local boards and state departments.”
Upon argument at the hearing of this proceeding petitioner asserted that, in addition to being illegal and unauthorized, the action of respondent was arbitrary and capricious. In the view which this court has taken, such a question is beyond the scope of this proceeding. If it were appropriate to make a determination as to the reasonableness of respondent’s action however, the court would hold that respondent was not arbitrary or capricious but, for the reasons stated above, was entirely justified in the action taken and the decision made which culminated in Official Order 708.
Since the Superintendent of Public Works had the power and properly determined that the access ramp in question was not part of the State highway system but was part of relocated County Highway 157, the order directing petitioner to maintain it was valid. Accordingly, the application to vacate that portion of the order is denied and the petition is dismissed. In view of this decision, the county may be advised to accept the deed offered by the State of New York.