Joseph F. Gagliardi, J.
This is an article 78 proceeding brought to review an ordinance of the Village of Port Chester, *133 dated June 1, 1964, establishing fees for use of its parking lot leased to it by the New York, New Haven and Hartford Railroad Company (hereinafter called “New Haven”). Petitioner, a resident of the Town of Rye and a New Haven commuter, contends that the ordinance is unconstitutionally discriminatory and violative of the lease from New Haven, paragraph 21 of which reads as follows: ‘ ‘ The lessee shall have the right to adopt regulatory measures for the operation, management and use of the said parking area, which regulations may be enforced through the adoption of an Ordinance making the violation thereof disorderly conduct and providing for a penalty for violation thereof. Such Ordinance or Ordinances, however, may not discriminate against commuters, but shall apply to all persons using said parking area alike.”
The ordinance established the following parking fees: (a) $15 per annum for Port Chester residents; (b) $50 per annum for nonresidents; and (c) 25<¡; per day for meter parking.
Respondents raise as a threshold question whether the ordinance, as a legislative act, is susceptible to judicial review, and whether an article 78 proceeding can be brought for that sole purpose.
Citation of authority is not required to sustain the court’s power to condemn an ordinance as a violation of higher law, where the validity of the ordinance is properly before it. The real question is whether the very passage of this ordinance subjects it to review under article 78 of the Civil Practice Law and Rules. It is true that the action of legislative bodies upon applications for special use exceptions pursuant to zoning ordinances are subject to this type of review as in Matter of Rhodes v. Waters (15 Misc 2d 119), despite the untrammeled discretion of the legislative body (Matter of Lemir Realty Corp. v. Larkin, 10 A D 2d 1005, affd. 11 N Y 2d 20). However, special use exception matters fall into an “ administrative ” category similar to applications for zoning variances (Matter of Copp v. Mead, 194 N. Y. S. 2d 144, 146). Nevertheless, the contrary rule applies to legislative action on applications for a change of zone. Those matters being amendments are “legislative.” They are not susceptible to direct review under article 78 (Matter of Buckley v. Fasbender, 275 App. Div. 853; Matter of Pelham Jewish Center v. Board of Trustees, 9 Misc 2d 564). I deem the instant ordinance to be governed by the latter rule of procedure. The appropriate remedy might be by plenary action for judgment declaring the ordinance unconstitutional or in violation of any rights petitioner might have as a third-party beneficiary of the lease; or perhaps some or all of the *134 issues may be raised by appeal from a determination enforcing it (see, e.g., People v. Gilbert, 307 N. Y. 773; People v. Kraushaar, 195 Misc. 487; cf. People v. Greeman, 137 N. Y. S. 2d 388). Therefore, I rule as has Mr. Justice Hoyt in Matter of Lee v. Board of Trustees of Vil. of Briarcliff Manor (N. Y. L. J., July 9, 1964, p. 10, col. 5), that this proceeding does not lie.
Therefore, respondents’ motion to dismiss the petition is granted, and the proceeding is dismissed, without costs.