In the Matter of LLOYD G. WARE et al., Petitioners, *v.* TOWN BOARD OF THE TOWN OF PARISH et al., Respondents.

Supreme Court, Oswego County, April 21, 1965.

*John B. Mowry* for petitioners. *Charles F. Sauers, County Attorney,* for respondents.

JAMES H. O'CONNOR, J. The instant proceeding seeks an order pursuant to CPLR 7803 to review the determination of the Town Board of the Town of Parish, the Board of Supervisors of the County of Oswego, the County Highway Commissioner, Addison Chesbro, in the adoption of Local Law of Oswego County, No. 1 for 1965, and to declare the same illegal and void. The proceeding also seeks a further order determining that the Town of Parish and its taxpayers are not liable for any debts incurred by its Highway Superintendent, Harlow G. Owens, prior to January 1, 1964.

The proceeding was instituted by an order to show cause dated March 31, 1965 and returnable on April 12, 1965, which order was based on a petition executed by the petitioners herein on the 29th day of March, 1965. An answer to said petition was served on behalf of the respondents, Board of Supervisors of the County of Oswego and Addison Chesbro, the Highway Superintendent of the County of Oswego, by Charles F. Sauers, County Attorney of the County of Oswego, subscribed and sworn to the 12th day of April, 1965.

The facts surrounding this proceeding are gleaned from the petition submitted herein which indicates that the Superintendent of Highways of the Town of Parish, Harold G. Owens, during the years 1956, 1957, 1960, 1962 and 1963, incurred total obligations of $13,621.78, in excess of money appropriated in highway funds of said town for said fiscal years. In view of the obligations so incurred the Town Board, pursuant to section 227 of the County Law, passed a resolution petitioning the Board of Supervisors of the County of Oswego to take such proceedings as defined in section 227 of the County Law to validate and legalize said obligations and provide legal authority for making payment thereof by the Supervisor of the Town of Parish. It is undisputed that the resolution-petition of the Town Board of the Town of Parish was passed by a unanimous vote of all five members of said Town Board. A public hearing was convened in the Town of Parish on the 6th day of May, 1964 pursuant to public notice as required by the pertinent subdivisions of section 227 of the County Law. Following said

hearing, the hearing officer, Addison Chesbro, also County Superintendent of Highways, certified the proceedings at said hearing to the Board of Supervisors and recommended that appropriate action be taken by said board to validate the outstanding obligations. Subsequent to the receipt of the certification, resolution No. 43 was passed by the Oswego County Board of Supervisors directing that a public hearing be held on proposed Local Law No. 1, year 1964, which law would authorize the payment of the claims totaling $13,621.78. A hearing was held pursuant to said resolution on June 4, 1964. Finally, said law known as Local Law No. 1, year 1965, was adopted at a regular meeting of the Board of Supervisors of Oswego County on March 4, 1965. This law authorized and empowered the Town of Parish to appropriate revenues or borrow money to pay the obligations of $13,621.78 which said obligations were found to be valid and legal.

This court is called upon to determine whether the actions of the respondents in this matter complied with the requirements of section 227 of the County Law. The proceeding is in the nature of certiorari to review the act or actions of a legislative body in passing and making Local Law No. 1, year 1965.

Historically, the prerogative writs of certiorari, mandamus and prohibition were not available to annul, compel or review legislative acts of public officers. Article 78 of the New York Civil Practice Act continued this limitation. It identified as reviewable thereunder only those acts or refusals to act, in the exercise of judicial, quasi-judicial, administrative or corporate functions. It is apparent that the legislative act falls within none of these categories. CPLR article 78 substantially codifies the corresponding provisions of the now defunct Civil Practice Act. It thus perpetuates the principle of law which excludes legislative acts from review by proceedings in the nature of the prerogative writs. This principle was pronounced by the New York State Court of Appeals as early as 1892 in the case of *People ex rel. Trustees of Vil. of Jamaica* v. *Board of Supervisors of Queens County* (131 N. Y. 468). In that case the Supervisors of said county passed an act for the improvement of certain public highways in the Town of Jamaica which provided for grading, regulating and paving certain streets in the town. The whole expense of the improvement was to be paid by taxes to be levied against the taxpayers of Jamaica. A group of individuals claimed that the action of the Supervisors was illegal and unauthorized by law and procured a writ of certiorari to review the action. A hearing was held on the merits and the action of the Supervisors was affirmed. However, the counsel

for the Supervisors at the hearing objected that the proceedings could not be reviewed by writ of certiorari. On appeal the Court of Appeals held that the court was so clearly without jurisdiction to review the proceedings that the question of the merits of the case should not have been passed upon. The court said (p. 471): "The writ of certiorari is appropriate only to review the judicial action of inferior courts or of public officers or bodies exercising under the laws judicial functions; and there is no authority to be found in the reports of this state sanctioning its use for any other purpose. When the action of a public officer, or of a public body, is merely legislative, executive or administrative, although it may involve the exercise of discretion, it cannot be reviewed by certiorari; and so it has been so often held that the rule has become elementary." The court found that the act of the Supervisors was purely a legislative act and it went on to say (p. 472): "If this action by the supervisors can be reviewed by certiorari, then every act and resolution of the board of supervisors, every ordinance of a city board of aldermen, every ordinance and resolution of a village board of trustees, and generally all the acts of public officers involving the exercise of some discretion, could be reviewed in the same way; and thus there would be a wide departure from the practice and procedure which have always prevailed in this state, and much embarrassment might attend the discharge of legislative, executive and administrative functions by public officers, local boards and state departments." It has even been held in the case of *Matter of Long Is. R. R. Co.* v. *Hylan* (240 N. Y. 199) that though the Board of Estimate and Apportionment of the City of New York acted beyond the powers delegated to it and that its determination was void, nevertheless, the board's action was legislative in nature and was not subject to review by the court. In that case the court held that the action of the Board of Estimate and Apportionment, in making an assessment, had no judicial function to perform but that its functions were purely legislative and not reviewable by certiorari. (See, also, *Matter of Neddo* v. *Schrade*, 270 N. Y. 97.)

Other examples of acts which are determined to be legislative in nature and not subject to judicial scrutiny by a proceeding in the nature of certiorari are found in some of the following cases: In *Matter of Weers* v. *Whiton* (3 A D 2d 924) an article 78 proceeding was not deemed available to review the determination of the Board of Supervisors of the County of Putnam in adopting a local law with respect to permanent personal registration. In *Matter of Davidson* v. *Common Council of City of White*

*Plains* (40 Misc 2d 1053) it was held that an article 78 proceeding was not available to compel the Common Council of the City of White Plains to permit a taxpayer to record the proceedings of all the public meetings of the Common Council by use of an electronic recording device. The case of *Matter of Leichter* v. *Barrett* (208 Misc. 577) denied the petitioner the right to review the determination of the Town Board not to issue a permit to the petitioner for removal of fill, subsoil and gravel from certain premises owned by him situated in said town on the ground that the refusal was a legislative act and not subject to attack in an article 78 proceeding.

Other cases standing for the same proposition are: *Matter of Porpora* v. *Keating* (13 Misc 2d 488); *Matter of Brent* v. *Hoch* (13 A D 2d 505); *Matter of County of Onondaga* v. *McMorran* (38 Misc 2d 384); *Matter of City of Albany* v. *McMorran* (34 Misc 2d 316).

Since the proceeding herein seeks to review a legislative act, this court is constrained to hold, and does determine that Local Law No. 1 of Oswego County for 1965 is not reviewable under CPLR 7803.

It is not always clear what does or does not constitute a legislative act; however, section 227 of the County Law contemplates that the final action of the Board of Supervisors, in legalizing and validating obligations incurred in excess of a budget, shall be by local law. The court reaches this conclusion even though the statute calls for a public hearing and categorizes the evidence necessary to allow the Board of Supervisors to pass such enabling legislation, since there is no provision in the statute for review. This court cannot disturb the lawmaking faculty of the Board of Supervisors.

While it might be said that the Board of Supervisors has exceeded its jurisdiction or acted without jurisdiction because the requirements of section 227 had not been religiously observed or that the Statute of Limitations might be interposed as a defense to the obligations, such issues should properly be raised in an action for declaratory judgment or permanent injunction in which a plenary trial of said issues would be had.

Therefore, the petition should be dismissed and the temporary injunction contained in the order to show cause set aside, without costs to either party.