■ In the Matter of LLOYD G. WARE et al., Appellants, v. TOWN BOARD OF TOWN OF PARISH et al., Respondents.— Judgment unanimously reversed on the law and facts, without costs, and judgment granted declaring Local Law No. 1 of the Local Laws of 1965 of the County of Oswego illegal and void. Memorandum: As respondents conceded on argument of this appeal, it was error to dismiss this article 78 proceeding upon the ground that Local Law No. 1 of the Local Laws of 1965, adopted by the Board of Supervisors of the County of Oswego, is not reviewable herein. Section 227 of the County Law under which the challenged legislation was purportedly adopted, specifically authorizes judicial review by a proceeding of this nature to inquire whether the Board of Supervisors complied with the law in enacting the local statute. Upon the record before us, we are satisfied that there was not even substantial compliance with the procedural requirements set forth in section 227 of the County Law. Among other defects, it does not appear that the Town Highway Superin-

tendent, whose acts the law attempted to legalize, ever furnished a detailed sworn explanation in writing of the acts to be legalized, or that the Board of Supervisors found such an explanation had been furnished, as required by the statute. (County Law, § 227, subd. 1.) Nor was a transcript of the hearing, directed by the Board of Supervisors prior to its consideration of a legalizing law and improperly delegated to the County Superintendent of Highways, filed with the board as the County Law requires. (§ 227, subd. 2.) In view of these and other deficiencies in the proceedings which occurred in 1964, we do not reach the question whether those activities — originally precedent to a legalizing law proposed and rejected twice in 1964 — might, if in compliance with section 227 of the County Law, be referred to and serve as the necessary prerequisites for the adoption of Local Law No. 1 of the Local Laws of 1965 of the County of Oswego. (Appeal from judgment of Oswego Special Term setting aside temporary injunction and dismissing petition.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ. [52 Misc 2d 802.]