Lawrence H. Cooke, J.
In this article 78 proceeding, respondents move for “ judgment striking out the petition herein pursuant to subparagraphs 2 and 7 of rule 3211 (a) of the Civil Practice Law and Rules.” Previously petitioner applied to the Town Board of the Town of Guilderland, Albany Comity, “ for a change in and/or a variance to the zoning laws of the Town of Guilderland so that the Petitioner may be permitted to construct, maintain and operate a retail store for the retail sale of wines and liquor and a retail liquor package business ” on certain premises owned by petitioner in said town and “ located in an area which has been zoned for residences.” This article 78 proceeding has been instituted “ to review, and annul and set aside the determination of the Town Board of the Town of Guilderland ’ ’ denying the request made to said Town Board and “ to direct the said Town Board to grant the variance applied for by petitioner.”
An article 78 proceeding in the nature of mandamus is not available to compel the legislative authority of a municipality to amend a zoning ordinance (Matter of Southern Dutchess Country Club v. Town Bd. of Town of Fishkill, 25 A D 2d 866, affd. 18 N Y 2d 870; Matter of Gellis v. Clark, 32 Misc 2d 597, 600; Paliotto v. Harwood, 217 N. Y. S. 2d 864, 866; Matter of Porpora v. Keating, 13 Misc 2d 488; Matter of Pelham Jewish Center v. Board of Trustees of Vil. of Pelham Manor, 9 Misc 2d *448 564, affd. 6 A D 2d 710; Anderson, Zoning Law and Practice in New York State, p. 704; 1 Rathkopf, Law of Zoning and Planning, pp. 27-26-27-30). However, where a legislative body is given authority by an ordinance provision to grant a special exception or variance, its determination upon an application therefor involves an exercise of judgment or discretion and is reviewable in an article 78 proceeding (Matter of Frantellizzi v. Herman, 1 A D 2d 980; Matter of Lemir Realty Corp. v. Larkin, 10 A D 2d 1005, affd. 11 N Y 2d 20; Matter of Adler v. Messina, 44 Misc 2d 132,133; Anderson, Zoning Law and Practice in New York State, § 19.11).
But, here, by the terms of the ordinance of the Town of Guilderland (CPLR 4511), the issuance of a variance is to be obtained from a Board of Appeals and not from the Town Board and the Town Board had no power to act in the premises except legislatively, namely, by amending the ordinance, and its failure to so act may not be made the basis of an article 78 proceeding (cf. Matter of Pelham Jewish Center v. Board of Trustees of Vil. of Pelham Manor, 9 Misc 2d 564, 566, affd. 6 A D 2d 710, supra; 39 St. John’s L. Rev., pp. 58-59). Petition dismissed.