■ In the Matter of SOUTHERN DUTCHESS COUNTRY CLUB, Respondent, v. TOWN BOARD OF THE TOWN OF FISHKILL et al., Appellants.— In a proceeding under article 78 of the CPLR, to annul a determination of the Town Board of the Town of Fishkill denying, without a hearing, petitioner's application for zoning reclassification of its real property, the board appeals from a judgment of the Supreme Court, Dutchess County, entered October 19, 1965, which granted the petition and directed the board to hold a public hearing with respect to the application. Judgment reversed on the law, without costs, and determination confirmed, without costs. No questions of fact were considered. Generally, the exercise of zoning powers is a legislative function not subject to review in an article 78 proceeding (*Matter of Neddo* v. *Schrade,* 270 N. Y. 97; *Matter of Weers* v. *Whiton,* 3 A D 2d 924; *Homefield Assn. of Yonkers* v. *Frank,* 273 App. Div. 788, affd. 298 N. Y. 524). Although the Zoning Ordinance of the town provides for a reference by the Town Board to the Planning Board of any proposed change in zoning, whether on motion of the Town Board or on petition, the step so provided is a part of the legislative function (cf. *Ulmer Park Realty Co.* v. *City of New York,* 267 App. Div. 291, 293; *Matter of Gellis* v. *Clark,* 32 Misc 2d 597; *Matter of Pelham Jewish Center* v. *Board of Trustees,* 9 Misc 2d 564, affd. 6 A D 2d 710). In our opinion, the provisions of the Town Law, read together with the provisions of the Zoning Ordinance, did not impose a mandatory duty on the Town Board to call a public

hearing whenever a petition for a zoning change is presented to it. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.