■ ANDREW E. NORMAN et al., Respondents, v TOWN BOARD OF THE TOWN OF ORANGETOWN et al., Defendants, and CAM-AM DEVELOPMENT CORP. et al., Appellants.—In an action for a judgment declaring the invalidity of a certain amendment to the zoning ordinance of the Town of Orangetown, the defendants Cam-Am Development Corp. and Sterkon Development Corp. appeal from so much of an order of the Supreme Court, Rockland County (Slifkin, J.), dated May 1, 1985, as denied their motion to dismiss the second cause of action asserted in the complaint on the ground that it is barred by the Statute of Limitations.

Order affirmed insofar as appealed from, with costs.

This is an action for a judgment declaring the invalidity of an amendment of a zoning ordinance. Because it seeks review of an action of the Town Board of the Town of Orangetown acting in its legislative capacity, which cannot be the subject of review pursuant to CPLR article 78 *(see, Matter of Southern Dutchess Country Club v Town Bd.,* 25 AD2d 866, *affd* 18 NY2d 870; *Amerada Hess Corp. v Acampora,* 109 AD2d 719; *Matter of Stockfield v Town Bd.,* 87 AD2d 633; *Matter of Amerada Hess Corp. v Lefkowitz,* 82 AD2d 882, *lv dismissed* 55 NY2d 799; *Jaffe v Burns,* 64 AD2d 692), the four-month statutory period which governs proceedings commenced against a body or officer, unless a shorter time is provided (CPLR 217), is inapplicable here and the motion to dismiss the plaintiffs' second cause of action as time barred was properly denied. Mollen, P. J., Thompson, Rubin and Spatt, JJ., concur.