OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs. The certified question is not answered as unnecessary.
Petitioner’s 218-acre parcel is located in one of two noncontiguous parts making up a R 1-12.5 zoning district in the City of White Plains. In this zone only one-family houses are permitted. Petitioner’s parcel does not comprise 50% of the total R 1-12.5 district or of either of the parts. When petitioner filed an application requesting that its property be rezoned as "planned development” which would permit a variety of commercial and residential uses, respondents adopted a resolution declining to consider the application formally. In this CPLR article 78 proceeding brought to compel respondents to act formally upon the application, the question is whether under General City Law § 83 such formal action is required. General City Law § 83 provides, in pertinent part: "The common council may from time to time on its own motion or on petition, after public notice and hearing, which hearing may be held by the council or by a committee of the council or by the planning board, amend, supplement, repeal or change the regulations and districts established under any ordinance adopted pursuant to paragraphs twenty-four and twenty-five of section twenty of this chapter. Wherever the owners of fifty per centum or more of the frontage in any district or part thereof shall present a petition duly signed and acknowledged to the common council, requesting an amendment, supplement, change or repeal of the regulations prescribed for such district or part thereof, it shall be the duty of the council to vote upon said petition within ninety days after filing of the same by the petitioners with the secretary of the council.” (Emphasis added.)
Petitioner concedes that it does not own 50% of the frontage *636 of the R 1-12.5 district or of either noncontiguous part, but argues that this is not a requirement for the application of General City Law § 83. It maintains that the language in General City Law § 83 — that "the owners of fifty per centum or more of the frontage in any district or part thereof” (emphasis added) — means that ownership of 50% of the parcel to be rezoned is sufficient for the purpose of invoking the section. Because it owns 100% of the 218-acre parcel for which the zoning change is sought, petitioner claims that the Council must formally vote on its application.
We disagree. The first sentence of General City Law § 83 vests in the Common Council broad legislative power, in its discretion, to amend, supplement, repeal, or change its zoning regulations either on its own motion or on petition. Under petitioner’s interpretation, an owner of a parcel of any size who desires to have that parcel rezoned could compel the Common Council to consider and vote upon its request since it would necessarily have 100% of the frontage of the parcel. This construction of the statute would render the first sentence of the section ineffective and, by requiring the Council to consider and vote on every application, frustrate the statutory purpose of empowering the Council to set its agenda and determine its own legislative actions. Such a result would offend the general rule of construction that all parts of a statute must be harmonized with each other and that every part must, if possible, be given meaning (see, McKinney’s Cons Law of NY, Book 1, Statutes §§ 97, 98). Moreover, petitioner’s argument, if followed, would lead to unreasonable and absurd consequences and, for that additional reason, should be rejected (see, McKinney’s Statutes §§ 141, 145). The proper interpretation of the statute is that the Common Council must consider and vote on a petition by owners of 50% of the frontage of the entire district or of the portion of the district in which the property is located. Petitioner’s remaining contention is without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order affirmed, etc.