■ In the Matter of RICHARD M. WOLFF, Respondent, v TOWN/ VILLAGE OF HARRISON et al., Appellants. [816 NYS2d 186]—

In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the Town/Village of Harrison, New York, and the Town/Village Board of Harrison, New York, to reach a determination on the petitioner's application for a zoning change, the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Alessandro, J.), entered July 26, 2005, which denied the motion to dismiss the petition, granted the petition, and directed the Town/Village of Harrison, New York, and the Town/Village Board of Harrison, New York, to reach a determination on the petitioner's application for a zoning change as soon as reasonably possible.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is granted, and the proceeding is dismissed.

In 2002 the petitioner filed an application with the appellant Town/Village Board of the Town of Harrison (hereinafter the Town Board) to change the zoning of a certain parcel of real property from zone classification B (two-family residential) to zone classification MF (multi-family residential). Nearly three

years later, the Town Board had still not reached a determination on the application. The petitioner then commenced this CPLR article 78 proceeding, in the nature of mandamus, to compel the Town/Village Board to make a determination either granting or denying his application. The Supreme Court granted the petition. We reverse.

It is well settled that the type of mandamus sought here lies only to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought (*see Klostermann v Cuomo,* 61 NY2d 525, 539 [1984]). Mandamus may be used "to compel acts that officials are duty-bound to perform, regardless of whether they may exercise their discretion in doing so" (*Klostermann v Cuomo, supra* at 540). However, the Town Board in this case is not "duty-bound" to act upon the petitioner's application, because the amendment of a zoning ordinance is a purely legislative function (*see Matter of Neddo v Schrade,* 270 NY 97, 103 [1936]; *Matter of Southern Dutchess Country Club v Town Bd. of Town of Fishkill,* 25 AD2d 866 [1966], *affd* 18 NY2d 870 [1966]; *see also New York City Health & Hosps. Corp. v McBarnette,* 84 NY2d 194, 203-204 [1994]), and the applicable statute vests in the Town Board broad legislative power, in its discretion, to amend its zoning ordinance, and does not require it to consider and vote upon every application for a zoning change (*see* Town Law § 265; *cf. Matter of Society of N.Y. Hosp. v Del Vecchio,* 70 NY2d 634, 636 [1987]). Accordingly, the motion is granted and the proceeding is dismissed (*see Matter of Davis v Pomeroy,* 283 AD2d 874 [2001]).

In light of our determination, we do not reach the appellants' remaining contention. Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.