*678 In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of The Town of Brookhaven date subject property for office use, the appeal is from a judgment of the Supreme Court, Suffolk County (Costello, J.), entered January 31, 2008, which granted the petition and directed the Town Board of the Town of Brookhaven to consider the petitioner’s application.
Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
The Supreme Court erred in granting the petition and directing the Town Board of the Town of Brookhaven (hereinafter the Town Board) to consider the petitioner’s rezoning application. The Town Board is not required to consider and vote on every application for a zoning change (see Brookhaven Town Code § 85-32 [B] [1]; Matter of Wolff v Town/Village of Harrison, 30 AD3d 432 [2006]; Matter of Society of N.Y. Hosp. v Del Vecchio, 123 AD2d 384 [1986], affd 70 NY2d 634 [1987]). Thus, the determination of the Town Board not to consider the petitioner’s application is a legislative function not subject to review under CPLR article 78 (see CPLR 7803 [3]; Norman v Town Bd. of Town of Orangetown, 118 AD2d 839 [1986]; Matter of Southern Dutchess Country Club v Town Bd. of Town of Fishkill, 25 AD2d 866 [1966], affd 18 NY2d 870 [1966]).
Moreover, contrary to the petitioner’s contentions, the claims against the Town Board do not rise to the level of a constitutional violation (see Twin Lakes Dev. Corp. v Town of Monroe, 1 NY3d 98 [2003], cert denied 541 US 974 [2004]; Schlossin v Town of Marilla, 48 AD3d 1118 [2008]; Matter of Northway 11 Communities v Town Bd. of Town of Malta, 300 AD2d 786 [2002]). Mastro, J.P., Rivera, Covello and Leventhal, JJ., concur.