In a proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the Village of Port Chester and the Office of the Village Clerk of Port Chester to grant four applications of the petitioners for taxicab licenses, the appeal is from a judgment of the Supreme Court, Westchester County (Cacace, J.), entered February 17, 2012, which granted the petition and directed the appellants to issue the subject taxicab licenses.
Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.
On February 25, 2009, the Village Clerk of the Village of Port Chester issued to the petitioner Dolores Gonzalez a taxicab dispatching license for the petitioner Coqui Taxi Corporation (hereinafter Coqui). On September 9, 2009, Coqui submitted an application to the Village for a taxicab license and, on September 10, 2009, Gonzalez submitted to the Village three additional applications for taxicab licenses. On November 6, 2009, after the Village had failed to issue the four taxicab licenses, the petitioners commenced this proceeding pursuant to CPLR article 78. The petitioners alleged that the Village had placed them on a waiting list for taxicab licenses and that, as of the time they commenced this proceeding, their four applications remained pending and had not been granted or denied. The petitioners sought a judgment, inter alia, compelling the Village to grant the subject applications and to issue the four taxicab licenses.
In answer to the petition, the Village relied, among other things, upon a provision in the Village Code of the Village of Port Chester (hereinafter the Village Code), which provides, in relevant part, that “[plursuant to the authority granted to the Board of Trustees under § 181 of the General Municipal Law, there shall not be more than 75 taxi licenses in the Village of Port Chester at any time” (Village Code § 295-11 [B]). The Village alleged that its placement of the petitioners on a waiting list was not arbitrary and capricious but, rather, was supported by valid and rational considerations in that all 75 licenses authorized by the Village Code had been issued at the time their applications had been submitted.
*615 In support of their petition, the petitioners relied upon, inter alia, a study on taxicab service reform commissioned by the Village, which culminated in a final report dated February 20, 2009, making several proposals, including a gradual phase-out of the cap on the number of taxi licenses. In determining the instant petition, the Supreme Court concluded that, given the evidence of a strong need for regulatory revision of its taxicab policies and a Village Code which “is clearly flawed,” the Village’s failure to take any action on the petitioners’ taxicab license applications was arbitrary and capricious and an abuse of discretion. Thus, the Supreme Court granted the petition and directed the Village to issue the four licenses.
“The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated” (Matter of Rose Woods, LLC v Weisman, 85 AD3d 801, 802 [2011]; see Klostermann v Cuomo, 61 NY2d 525, 539 [1984]; Matter of Robinson v Spinner, 101 AD3d 1130 [2012]). “A discretionary act involves the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result” (New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005] [internal quotation marks and brackets omitted]; see Tango v Tulevech, 61 NY2d 34, 41 [1983]). Thus, mandamus may be employed “to compel acts that officials are duty-bound to perform” (Klostermann v Cuomo, 61 NY2d at 540). However, mandamus will not lie to compel the performance of a purely legislative function (see Matter of Structural Tech., Inc. v Foley, 56 AD3d 677, 678 [2008]; Matter of Wolff v Town/Village of Harrison, 30 AD3d 432, 432-433 [2006]). “[T]he courts must be careful to avoid . . . the fashioning of orders or judgments that go beyond any mandatory directives of existing statutes and regulations and intrude upon the policy-making and discretionary decisions that are reserved to the legislative and executive branches” (Klostermann v Cuomo, 61 NY2d at 541).
Here, the petitioners did not merely seek to compel the Village to make a determination on their applications for taxicab licenses. Rather, the petitioners sought to compel a particular result, namely, the granting of their applications and the issuance of the subject licenses. The relief sought by the petitioners was not in the nature of a ministerial act which the Village was duty-bound to perform. To the contrary, the Village would have *616 violated Village Code § 295-11 (B) had it issued the licenses. The relief sought by the petitioners, in effect, required an amendment to the Village Code to remove the cap on the number of taxicab licenses, a legislative act which cannot be compelled by mandamus in a CPLR article 78 proceeding (see Matter of Structural Tech., Inc. v Foley, 56 AD3d at 678; Matter of Wolff v Town/Village of Harrison, 30 AD3d at 433).
Accordingly, the petitioners failed to demonstrate a clear legal right to the relief sought, and the Supreme Court should have denied the petition and dismissed the proceeding. Angiolillo, J.R, Chambers, Roman and Hinds-Radix, JJ., concur.