— In a proceeding pursuant to CFLR article 78 in the nature of prohibition to, among other things, prohibit the respondent Katherine A. Levine, a Judge of the Civil Court of the City of New York, Kings County, from presiding over an underlying holdover proceeding entitled Jordan v Jordan, pending in the Civil Court, Kings County, under index No. 058672/11, and in the nature of mandamus to compel the respondent Katherine A. Levine to take certain action regarding determinations made on October 20, 2011, and December 14, 2011, the petitioner appeals from a judgment of the Supreme Court, Kings County (Dabiri, J.), dated October 2, 2012, which, in effect, denied the petition and dismissed the proceeding.
*1044 Ordered, that the judgment is affirmed, without costs or disbursements.
“Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court — in cases where judicial authority is challenged — acts or threatens to act either without jurisdiction or in excess of its authorized powers” (Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]; see Matter of Robinson v Spinner, 101 AD3d 1130 [2012]). “Prohibition will not lie, however, simply to correct trial errors” (Matter of Holtzman v Goldman, 71 NY2d at 569; see Matter of Rush v Mordue, 68 NY2d 348, 353 [1986]) and may not be employed as a means of seeking collateral review of mere trial errors of substantive law or procedure, no matter how egregious the error might be (see Matter of Rush v Mordue, 68 NY2d at 353; Matter of Brown v Blumenfeld, 103 AD3d 45, 55 [2012]).
“The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought” (Matter of Turansky v Scheinkman, 69 AD3d 865, 866 [2010]; see Matter of Legal Aid Socy. of Sullivan County v Scheinman, 53 NY2d 12, 16 [1981]; Matter of Uzamere v Sunshine, 56 AD3d 787 [2008]). Mandamus will not lie if the action sought to be compelled involves an exercise of discretion or reasoned judgment (see Matter of Gonzalez v Village of Port Chester, 109 AD3d 614, 615 [2013]).
Under the circumstances of this case, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding, as the petitioner failed to demonstrate a clear legal right to the relief sought.
The petitioner’s contention that the Supreme Court should not have considered the respondent Katherine A. Levine’s alleged untimely answer, raised for the first time on appeal, is not properly before this Court. Dillon, J.E, Hall, Cohen and Hinds-Radix, JJ., concur.