In the Matter of SUFFOLK COUNTY ASSOCIATION OF MUNICIPAL EMPLOYEES, INC., Appellant, v STEVE LEVY et al., Respondents. [20 NYS3d 114]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of Alan Schneider, Personnel Director for the Suffolk County Department of Civil Service, dated June 29, 2010, and in the nature of mandamus, inter alia, to compel the respondents to treat employees of Suffolk County Community College as employees of Suffolk County for purposes of eligibility for promotions to positions with Suffolk County, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Asher, J.), dated July 9, 2013, which, upon, among other things, a decision of the same court dated March 28, 2013, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner is a labor union representing employees of Suffolk County. Some of the petitioner's members work at Suffolk County Community College (hereinafter the College). Prior to 2010, the petitioner's members, including those working at the College, had been considered County employees with the right to seek promotions to positions inside and outside of the College pursuant to the Suffolk County Civil Service Rules. In 2009, the County and the College entered into a Sponsor Service Agreement and a Memorandum of Understanding of Procedures (hereinafter together the New Operating Agreement), which redefined the parameters of the relationship between the County and the College. A provision of the New Operating Agreement provided that the College and the County are independent entities and that neither entity's employees are to be deemed employees of the other entity.

In early 2010, Alan Schneider, Personnel Director for the Suffolk County Department of Civil Service (hereinafter the County DCS), determined that College employees would no longer be eligible for promotions to County positions, and that County employees would no longer be eligible for promotions to College positions. This determination was based upon his interpretation of the New Operating Agreement, by which he concluded that the College was to be considered a separate and distinct jurisdiction or municipality from the County for purposes of the Suffolk County Civil Service Rules. In a letter dated June 29, 2010, Schneider denied the petitioner's request

to rescind that determination. The petitioner then commenced this CPLR article 78 proceeding.

The agency determination under review was not made after a quasi-judicial evidentiary hearing. In this circumstance, "courts examine whether the action taken by the agency has a rational basis and will overturn that action only where it is taken without sound basis in reason or regard to the facts, or where it is arbitrary and capricious" (*Matter of Halpert v Shah*, 107 AD3d 800, 801-802 [2013] [citations and internal quotation marks omitted]; *see Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010]; *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]). Moreover, a court "must defer to an administrative agency's rational interpretation of its own regulations in its area of expertise" (*Matter of Peckham v Calogero*, 12 NY3d at 431). Here, the challenged determination precluding cross-promotions between positions with the College and positions with the County, which was based upon the conclusion that the College and the County are separate jurisdictions or municipalities for purposes of the Suffolk County Civil Service Rules, had a rational basis and was not arbitrary and capricious or an abuse of discretion.

" 'The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated' " (*Matter of Gonzalez v Village of Port Chester*, 109 AD3d 614, 615 [2013], quoting *Matter of Rose Woods, LLC v Weisman*, 85 AD3d 801, 802 [2011]; *see New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]; CPLR 7803 [1]). "A discretionary act 'involve[s] the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result' " (*New York Civ. Liberties Union v State of New York*, 4 NY3d at 184, quoting *Tango v Tulevech*, 61 NY2d 34, 41 [1983]). Since the petitioner sought to compel conduct clearly involving the application of the discretion and judgment of the County DCS, the remedy of mandamus is not available.

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.

The respondents' remaining contentions need not be reached in light of our determination. Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.