Matter of Hampshire Recreation, LLC v Village of Mamaroneck (2020 NY Slip Op 02062)





Matter of Hampshire Recreation, LLC v Village of Mamaroneck


2020 NY Slip Op 02062


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-05104
 (Index No. 2371/14)

[*1]In the Matter of Hampshire Recreation, LLC, et al., plaintiffs/petitioners-respondents,
v
Village of Mamaroneck, et al., appellants, et al., defendant/respondent.


McCullough, Goldberger & Staudt, LLP, White Plains, NY (Patricia W. Gurahian and Edmund C. Granger of counsel), for appellants.
Zarin & Steinmetz, White Plains, NY (David J. Cooper and Katelyn W. Ciolino of counsel), for plaintiffs/petitioners-respondents.



DECISION & ORDER
In a hybrid action, inter alia, for declaratory relief and proceeding pursuant to CPLR article 78, the defendants/respondents Village of Mamaroneck and Village of Mamaroneck Board of Trustees appeal from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated April 7, 2017. The order, insofar as appealed from, denied those branches of the motion of the defendants/respondents which were pursuant to CPLR 3211(a) to dismiss the third and fourth causes of action, which sought, inter alia, to annul the determinations of Village of Mamaroneck Board of Trustees declining to consider the plaintiffs/petitioners' applications to rezone the subject property and to compel the Village of Mamaroneck Board of Trustees to consider their applications.
ORDERED that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal from the order, and leave to appeal is granted (see CPLR 5701[b][1]); and it is further,
ORDERED that the order is reversed, on the law, with costs, and those branches of the motion of the defendants/respondents which were to dismiss the third and fourth causes of action are granted.
In January 2014, the plaintiffs/petitioners filed an application to change the zoning of a certain parcel of real property located within the defendant/respondent Village of Mamaroneck from its current classification to an "Open Space/Residential Community District." The defendant/respondent Village of Mamaroneck Board of Trustees (hereinafter the Village Board) declined to consider the plaintiffs/petitioners' rezoning application. Subsequently, the plaintiffs/petitioners filed a second application to rezone the subject property. On June 23, 2014, the Village Board declined to consider the second rezoning application. Thereafter, the plaintiffs/petitioners commenced this hybrid action, inter alia, for declaratory relief and proceeding pursuant to CPLR article 78, seeking, among other things, to compel the Village Board to consider their applications.
As relevant here, the Village, the Village Board, and the Village of Mamaroneck Zoning Board of Appeals moved pursuant to CPLR 3211(a) to dismiss the third and fourth causes [*2]of action, which sought, inter alia, to annul the Village Board's determinations declining to consider the plaintiffs/petitioners' applications to rezone the subject property and to compel the Village Board to consider their applications. The Supreme Court, inter alia, denied those branches of the motion. The Village and the Village Board appeal.
"[T]he amendment of a zoning ordinance is a purely legislative function" (Matter of Wolff v Town/Village of Harrison, 30 AD3d 432, 433; see Matter of Neddo v Schrade, 270 NY 97, 103; see also Matter of Southern Dutchess Country Club v Town Bd. of Town of Fishkill, 25 AD2d 866). The Village Board is vested with discretion to amend its zoning ordinance, and it is not required to consider and vote upon every application for a zoning change (see Village Law § 7-708; Code of the Village of Mamaroneck § 342-95; Matter of Structural Tech., Inc. v Foley, 56 AD3d 677, 678; Matter of Wolff v Town/Village of Harrison, 30 AD3d at 433; cf. Matter of Society of N.Y. Hosp. v Del Vecchio, 70 NY2d 634, 636). Thus, in the present case, the Village Board's determinations not to consider the plaintiffs/petitioners' applications were a legislative function not subject to review under CPLR article 78 (see CPLR 7803[3]; Matter of Structural Tech., Inc. v Foley, 56 AD3d at 678; Matter of Wolff v Town/Village of Harrison, 30 AD3d at 433; Norman v Town Bd. of Orangetown, 118 AD2d 839). Contrary to the contention of the plaintiffs/petitioners, the true nature of the relief they sought in the third and fourth causes of action was relief pursuant to CPLR article 78 (cf. Dolce-Richard v New York City Health & Hosps. Corp., 149 AD3d 903, 904). Since that relief is not available here, those causes of action should have been dismissed.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted those branches of the defendants/respondents' motion which were pursuant to CPLR 3211(a) to dismiss the third and fourth causes of action.
AUSTIN, J.P., ROMAN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court