Matter of Dickson v New York City Dept. of Bldgs. (2024 NY Slip Op 02191)

Matter of Dickson v New York City Dept. of Bldgs.

2024 NY Slip Op 02191

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2022-03236
 (Index No. 521340/21)

[*1]In the Matter of Christopher Dickson, etc., appellant,
v
New York City Department of Buildings, et al., respondents.

Gil V. Perez, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Susan Paulson, Julie Steiner, and Amy McCamphill of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel, among others, the respondent New York City Department of Buildings to approve the petitioner's application to renew a hoist machine operator license, the petitioner appeals from a judgment of the Supreme Court, Kings County (Consuelo Mallafre-Melendez, J.), dated March 17, 2022. The judgment, in effect, denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner's hoist machine operator license expired on February 28, 2021. On June 22, 2021, the petitioner submitted an application requesting that the respondent New York City Department of Buildings (hereinafter DOB) renew his hoist machine operator license. In a letter dated August 16, 2021, DOB informed the petitioner that it had specific concerns about renewing the hoist machine operator license and offered the petitioner an opportunity to submit supplemental information in support of his application.
Three days later, on August 19, 2021, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel, among others, DOB to renew his hoist machine operator license. On March 15, 2022, while the proceeding was pending before the Supreme Court, DOB issued a final determination denying the petitioner's application. In a judgment dated March 17, 2022, the Supreme Court, in effect, denied the petition and dismissed the proceeding. The petitioner appeals.
"Mandamus to compel performance is an extraordinary remedy that is available only in limited circumstances" (Matter of Hene v Egan, 206 AD3d 734, 735; see Matter of County of Fulton v State of New York, 76 NY2d 675, 678). "The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated" (Matter of Gonzalez v Village of Port Chester, 109 AD3d 614, 615 [internal quotation marks omitted]).
Here, the petitioner was not entitled to mandamus relief compelling DOB to renew his hoist machine operator license because the determination to grant or deny the petitioner's application to renew his hoist machine operator license involved the exercise of discretion by DOB (see Administrative Code of City of NY §§ 28-401.12, 28-401.19; Matter of Suffolk County Assn. of Mun. Empls., Inc. v Levy, 133 AD3d 676, 677; Matter of Gonzalez v Village of Port Chester, 109 AD3d at 615-616). To the extent that the petitioner sought review of DOB's final determination denying his application to renew his hoist machine operator license, the dispute was not ripe for adjudication at the time this proceeding was commenced since DOB had not yet issued a final determination (see CPLR 217[1]; Matter of Cold Spring Harbor Area Civic Assn. v Suffolk County Dept. of Health Servs., 305 AD2d 499, 500).
The petitioner's remaining contentions are without merit.
DILLON, J.P., MALTESE, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court