Matter of Degannes-Hoyte v NYC Comptroller's Off. (2025 NY Slip Op 04724)

Matter of Degannes-Hoyte v NYC Comptroller's Off.

2025 NY Slip Op 04724

Decided on August 20, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 20, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2024-02479
 (Index No. 599/23)

[*1]In the Matter of Gail Degannes-Hoyte, appellant,
v
NYC Comptroller's Office, et al., respondents-respondents, et al., respondents.

Gail Degannes-Hoyte, Brooklyn, NY, appellant pro se.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Shane A. Magnetti of counsel), for respondents-respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel, among others, the respondent New York City Comptroller's Office to accept the petitioner's late notice of claim, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Gina Abadi, J.), dated December 19, 2023. The order and judgment, in effect, granted the cross-motion of the respondents New York City Comptroller's Office, sued herein as NYC Comptroller's Office, Edward Koparanian, Bureau of Law and Adjustment, and Sylvia Hinds-Radix, Corporation Counsel of the City of New York to dismiss the petition insofar as asserted against them and dismissed the proceeding insofar as asserted against those respondents.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner alleged that her residence sustained property damage on June 17, 2022. On June 15, 2023, she submitted a notice of claim to the respondent New York City Comptroller's Office, sued herein as NYC Comptroller's Office (hereinafter the Comptroller's Office) indicating that the respondent Dormitory Authority of the State of New York and the Comptroller's Office were the agencies involved in her claim. The Comptroller's Office rejected the petitioner's notice of claim as late. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus to compel, among others, the Comptroller's Office to accept the late notice of claim. The Comptroller's Office and the respondents Edward Koparanian, Bureau of Law and Adjustment, and Sylvia Hinds-Radix, Corporation Counsel of the City of New York (hereinafter collectively the City respondents) cross-moved to dismiss the petition insofar as asserted against them. In an order and judgment dated December 19, 2023, the Supreme Court, in effect, granted the cross-motion and dismissed the proceeding insofar as asserted against the City respondents.
"Mandamus to compel performance is an extraordinary remedy that is available only in limited circumstances" (Matter of Hene v Egan, 206 AD3d 734, 735; see Matter of County of Fulton v State of New York, 76 NY2d 675, 678). "The extraordinary remedy of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated" (Matter of Gonzalez v Village of Port Chester, 109 AD3d 614, 615 [*2][internal quotation marks omitted]; see Matter of Dickson v New York City Dept. of Bldgs., 226 AD3d 1014, 1014).
Here, the petitioner was not entitled to mandamus relief compelling the City respondents to accept the late notice of claim as timely (see General Municipal Law § 50-e; Matter of Guerre v New York City Tr. Auth., 226 AD3d 897, 897). The petitioner's late notice of claim served without leave of court is a nullity (see Matter of Guerre v New York City Tr. Auth., 226 AD3d at 898; Chtchannikova v City of New York, 138 AD3d 908, 909).
The petitioner's remaining contentions are without merit.
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court